■ In the Matter of PAUL K. DEROUCHIE, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Appellant.— Appeal from an order of the Supreme Court entered in St. Lawrence County on August 29, 1955, which annulled a determination of the Commissioner of Motor Vehicles denying renewal of petitioner's operator's license and directed the issuance of the license. In his application for renewal of his operator's license in September, 1954, petitioner stated: "Had a convulsion July 9, 1954. Confined to a Montreal Hosp. for 6 days' tests. Health perfect." This information was in answer to the question: "Have you ever had epilepsy?" appearing on the form of application authorized by the commissioner. Petitioner's application was accompanied by a letter from Dr. Pike, presumably petitioner's family physician, expressing an opinion that petitioner was able to operate a motor vehicle without undue hazard to himself and others. The commissioner wrote to Dr. Pike, stating in substance that after a conference with representatives of the Department of Mental Hygiene it was decided that it would be contrary to the best interest of the applicant and other users of the highways to license anyone subject to seizures or who must take medication to prevent their recurrence, and suggested that when a person had been free from seizures for a period of at least two years, during which time he did not have to take medication to prevent recurrence, he should reapply. The commissioner also wrote petitioner setting forth the requirements prerequisite to further consideration, which included a statement by a neuropsychiatrist showing among other things that petitioner had been free from seizures for a period of at least two years after discontinuance of medication. On March 14, 1955, petitioner again filed an application for renewal and sent with it a letter from Dr. White which expressed an opinion that petitioner was a suitable person to entrust with a driver's license; a belief that further seizures are "unlikely" to occur, and expressed a confidence that petitioner "would immediately disclose the occurrence of further seizures and stop driving." This statement contemplates, at least the possibility of further seizures, and if the next one should occur while petitioner was driving, with probable catastrophic results, "disclosing" it would be too late. The commissioner again denied the renewal with the repetition of the requirement of a two-year waiting period, and this proceeding was instituted. There is medical authority for the two-year waiting period. (2 Gray on Attorneys' Textbook of Medicine [3d ed.], § 100.11.) Annexed to the petition is a letter from Dr. Young (which was not before the commissioner) which states: "In spite of the electroencephalographic findings, I would not label this patient as an epileptic, having had only one seizure." Though undisputed, we do not think the commissioner was bound to accept the recommendations of these doctors. It does not appear that the commissioner was ever furnished the information requested as to

whether petitioner was taking or had taken medication, and, if so, the nature thereof. The tremendous responsibility of renewing a license under such circumstances rests upon the commissioner — not the doctors. Even though the likelihood of recurrence may be remote, the potentially disastrous results in the event of recurrence on modern congested highways and streets is so great that extreme caution is justified. Though the right to drive is an important one, it must yield to measures which may reasonably be regarded as a safeguard to the public. Subdivision 1 of section 20 of the Vehicle and Traffic Law authorizes the commissioner to require such proof of fitness as he "shall in his discretion determine". Subdivision 5 of section 20 gives the commissioner discretion to determine the qualifications of an applicant, subject only to court review. We do not think it has been established that the commissioner acted arbitrarily or capriciously. Order reversed on the law and facts and the determination of the commissioner reinstated, without costs. Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ., concur.